# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN BLAND,

     Petitioner,

v.

BRIAN FOSTER,

     Respondent.

Case No. 20-CV-36-JPS

**ORDER**

1. **INTRODUCTION**

  On January 8, 2020, Petitioner Allen Bland ("Bland") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Bland has paid the $5.00 filing fee, and the Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

  On January 23, 2015, following a jury trial in Milwaukee County Case Number 2014CF002474, Bland was convicted of first-degree sexual assault of a child under the age of twelve. (Docket #1 at 2). He was sentenced to a term of thirty years of confinement, to be followed by a twenty-year term of extended supervision. (*Id.*)

  In his petition, Bland states that he appealed his conviction on three grounds: (1) that he was denied his statutory and constitutional rights to be present during and to participate in the selection of the jury; (2) that his trial counsel provided ineffective assistance of counsel which prejudiced him; and (3) that the state circuit court erroneously denied him a post-conviction hearing. (*Id.* at 3). The Wisconsin Court of Appeals affirmed Bland's conviction on April 10, 2018. *State v. Bland*, 915 N.W.2d 730 (Wis. Ct. App.

2018). Bland then appealed to the Wisconsin Supreme Court on the same three claims; the court denied his petition for review on October 9, 2018. (Docket #1 at 3); *State v. Bland*, 921 N.W.2d 503 (Wis. 2018).

Bland now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). In his petition, Bland raises three grounds for relief: (1) that he was denied his statutory and constitutional rights to be present during and to participate in the selection of the jury; (2) that his trial counsel provided ineffective assistance of counsel by failing to allow Bland to be present during the courtroom voir dire of Juror No. 3; and (3) that his trial counsel provided ineffective assistance of counsel by failing to adequately argue a "critical challenge to victim's credibility." (*Id.* at 6–8).

3.   **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

   3.1   **Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C.

§ 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray*, 700 F.3d at 1003.

Here, the Wisconsin Supreme Court denied Bland's petition for review on October 9, 2018. *Bland*, 921 N.W.2d 503. Bland did not seek certiorari with the U.S. Supreme Court. Thus, his judgment became final ninety days later, on January 7, 2019. Bland then had one year in which to file his petition (i.e., until January 7, 2020). The timing of the Court receiving Bland's petition is not entirely clear. The Docket shows that it was "filed" on January 8, 2020 but that it was "entered" on January 9, 2020, indicating that the Court received the petition on the January 8 but did not docket it until the following day. (Docket #1). Bland signed his petition January 7, 2020 and indicated that he submitted the petition to be mailed that day. (*Id.* at 13).

The petition form that Bland used states as follows,

> If you deposit your petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in your § 2254 - 13 - June 2013 prison/institutional/jail mailing system and attach first-class postage pre-paid, and complete and sign this statement, you will establish the filing date as the date of deposit in that mailing system.

(Docket #1 at 13). For now, the Court will take Bland at his word and accept January 7, 2020 as the date he filed his petition. Thus, his petition is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Bland fully exhausted his state court remedies. A district court may not address grounds raised in a habeas

petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

As to Bland's first ground for relief (i.e., that he was denied his statutory and constitutional rights to be present during and to participate in the selection of the jury), Bland exhausted his state court remedies with a caveat. Bland's arguments in state court were specifically about him not being present and being unable to participate during the selection of Juror Nos. 1, 3, and 14, specifically. *Bland*, 915 N.W.2d at *1 ("[Bland] argues his absence during the court's questioning of Jurors 1 and 3, and the failure to question Juror 14 at all denied him a fair trial."). Thus, Bland can proceed on his first ground so long as he limits his discussion to these three jurors.

As to Bland's second ground for relief (i.e., that his trial counsel provided ineffective assistance of counsel by failing to allow Bland to be present during the courtroom voir dire of Juror No. 3), it appears that Bland exhausted this ground. *Id.* at *6 ("Bland next argues that his absence during the trial court's interaction with Juror 3 thwarted 'a fair and just hearing . . . . In light of the whole record, Bland's absence from this interaction did not

thwart 'a fair and just hearing' and thus did not violate his right to due process.").

As to Bland's third ground for relief (i.e., that his trial counsel provided ineffective assistance of counsel by failing to adequately argue a "critical challenge to victim's credibility"), it appears that Bland has exhausted his state court remedies. In its order denying Bland relief, the court of appeals wrote,

> Finally, Bland argues that trial counsel's failure during closing argument to attack [the victim's] testimony about the June 2014 sexual assault as "wholly incredible" constituted ineffective assistance of counsel . . . . In the matter of closing argument, "wide latitude" is granted to counsel, and there is "a broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003).
>
> The prosecutor is entitled to argue from the facts. [The victim's] testimony was compelling, specific, and she was subject to cross-examination. Her testimony was corroborated . . . . The record conclusively shows that Bland is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel.

*Bland*, 915 N.W.2d 730 at *10. This analysis by the court of appeals appears to cover Bland's third ground for relief.

As to all of these grounds, the Wisconsin Supreme Court denied Bland's petition for review, and, thereafter, the conviction became final.

### 3.3 Procedural Default

The Court next determines whether Bland has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Bland has procedurally defaulted on his properly exhausted claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Bland's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Bland's properly exhausted claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Bland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing

Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in her answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

   b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge